UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEASHAM & KRAMER LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN NEFF, an individual; and NORTHERN NEVADA CARE, INC., a Corporation,<br><br>Defendants. | No. 2:19-cv-00565-MCE-KJN<br><br>**ORDER** |

Through this action, Plaintiff Neasham & Kramer LLP ("Plaintiff") seeks damages arising from Defendant Stephen Neff's ("Defendant") failure to pay for legal services rendered in a state court action.[1] On May 31, 2019, Defendant filed a Notice of Imposition of Stay pursuant to California Business and Professions Code §§ 6200–6206, notifying the Court of his decision to request arbitration of a fee dispute, and this action was automatically stayed. ECF No. 5. Presently before the Court is Plaintiff's Motion to Lift Stay. ECF No. 10. For the reasons set forth below, Plaintiff's Motion is GRANTED.[2]

///

---

[1] Defendant Northern Nevada Care, Inc. ("NNCI") is a company of which Defendant is the owner, president, and CEO. Compl., ECF No. 1, ¶¶ 3–4.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

**ANALYSIS**

From 2015 to 2017, Plaintiff represented Defendant in an employment litigation action in state court. See generally Compl., ECF No. 1.  Due to concerns of rising litigation costs, Plaintiff's limited resources, and Defendant's intent to proceed to trial, the parties modified their legal services agreement:  Plaintiff would continue to represent Defendant in exchange for Defendant paying the hourly fees incurred or 40% of the net proceeds of any settlement or award, whichever was higher.  Id. ¶¶ 20–22.  Defendant repeatedly promised Plaintiff that he would pay all his legal fees and costs and frequently expressed appreciation for Plaintiff's work.  Id. ¶ 29.  After a 16-day jury trial in November 2017, the jury found in favor of Defendant and awarded him an amount exceeding his legal fees.  Id. ¶¶ 30, 33–34.  The following month, Defendant asked Plaintiff to accept a partial payment of his fees, with the remaining balance to be paid off in 2018 after Defendant received his tax refund.  Id. ¶ 35.  However, Defendant's only two payments were much lower than promised and Defendant has not made any more payments.[3]  Id. ¶¶ 35, 38, 40, 44.  To date, Defendant owes a remaining balance of $334,707.13.  Id. ¶ 48.

Plaintiff initiated this action on March 31, 2019, alleging causes of action for breach of contract, conversion, and fraud arising from Defendant's failure to pay the remaining balance.  Id. at 10–15.  On May 28, 2019, Defendant filed his Request for Arbitration of a Fee Dispute with the State Bar of California ("State Bar").  ECF No. 5-1.  On August 19, 2019, the State Bar rejected Defendant's Request because the Sacramento County Bar Association ("County Bar"), rather than the State Bar, has jurisdiction over the matter. ECF No. 12-2.  Defendant subsequently filed a Client's

///

---

[3] Plaintiff further alleges that Defendant admitted to transferring some of the funds recovered from the jury award to NNCI. Id. ¶ 38.

Request to Arbitrate with the County Bar in October 2019,[4] but he was unable to pay the filing fee at that time.[5]  ECF No. 12-3; Neff Decl., ECF No. 12-1, ¶ 10.  Conversely, Plaintiff states it repeatedly contacted both the State Bar and the County Bar and was told that no application for arbitration was filed by Defendant.  Mot. Lift Stay, ECF No. 10, at 6.

On March 4, 2020, this Court ordered the parties to file a Joint Status Report ("JSR").  ECF No. 8.  Defendant then paid the filing fee with the County Bar on March 11, 2020.  Id.  The following day, the County Bar notified Defendant that a letter had been sent to Plaintiff informing it of the fee dispute and that its reply is due by April 24, 2020.  ECF No. 12-5.  Both the JSR and Plaintiff's present Motion were filed on March 13, 2020, with Plaintiff indicating it still had no notice of any fee arbitration.  ECF Nos. 9, 10.  On March 16, 2020, Plaintiff received the letter from the County Bar.  Pl.'s Reply, ECF No. 13, at 3 n.1.

A federal court sitting in diversity over state law claims, as here, shall apply the law of the state where it is located.  U.S. Fidelity and Guar. Co. v. Lee Investments LLC, 641 F.3d 1126, 1133–34 (9th Cir. 2011).  Thus, the Court must apply California law to determine whether lifting the stay is appropriate.

The California Mandatory Fee Arbitration Act ("MFAA") governs the resolution of fee disputes between attorneys and clients and allows a client "to elect mandatory arbitration to resolve a fee dispute."  Meis and Waite v. Parr, 654 F. Supp. 867, 868 (N.D. Cal. Jan. 16, 1987) (citing Cal. Bus. & Prof. Code §§ 6200(c), 6201).  "[I]f the client elects arbitration, the [MFAA] automatically stay[s] any existing civil action by the attorney to collect fees until the arbitration's conclusion."  Id. at 869 (citing Cal. Bus. & Prof. Code § 6201(c)).  "That stay can be lifted only if the attorney shows that the issues are not appropriate for arbitration."  Id.

---

[4] Defendant's fee dispute arises from claims that Plaintiff misrepresented what he would recover in the state court action and that Plaintiff was only entitled to 40% of the recovery.  Attachment I, ECF No. 12-3.

[5] Defendant states the filing fee was $7,252.63.  Neff Decl., ECF No. 12-1, ¶ 10.

First, the Court finds that Defendant did not act in a timely manner to make a request for arbitration. Two months lapsed between the time Defendant learned that the County Bar was the appropriate forum and when he filed his Request to Arbitrate. Defendant then delayed in paying the filing fee for almost five months and this Court can only surmise that he paid the fee in response to this Court's March 4 order. Defendant's actions have already resulted in the delay of this case's resolution for months and arbitration has still not taken place. This court can only surmise that delays for failing to pay fees for the arbitration after numerous promises to pay the attorney fees was done for the sole purpose of delay.

Furthermore, Defendant repeatedly promised to pay his legal fees and never disputed any of them until the present action was filed. Because no fee dispute existed, the issues before the Court are not appropriate for arbitration. See Huang v. Cheng, 66 Cal. App. 4th 1230, 1234 (1998) (stating the California Legislature sought to "ensure the fair resolution of attorney fee disputes" through arbitration) (emphasis added). Therefore, the Court finds a stay is no longer necessary and thus Plaintiff's Motion to Lift Stay, ECF No. 10, is GRANTED.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Lift Stay, ECF No. 10, is GRANTED. The automatic stay entered on May 31, 2019, is LIFTED, and Defendant is directed to file his Answer not later than ten (10) days following the date this Order is electronically filed. This Court will subsequently issue an Amended Pretrial Scheduling Order.

IT IS SO ORDERED.

Dated: May 4, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

4