GUNDERSON LAW FIRM
Austin K. Sweet, Esq., SBN 269761
asweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: 775.829.1222
Facsimile: 775.829.1226
*Attorneys for Stephen Neff*

NEASHAM & KRAMER LLP
340 Palladio Parkway, Suite 535
Folsom, California 95630
Telephone: (916) 853-8030
Facsimile:  (916) 853-8039
pkramer@neashamlaw.com
*Attorneys for Neasham & Kramer, LLP*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEASHAM & KRAMER, LLP, a California Limited Liability Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN NEFF, an individual; and NORTHERN NEVADA CARE, INC., A Corporation, <br><br> Defendants. <br> _____/ | Case No. 2:19-CV-00565-MCE-KJN <br><br> **STIPULATION FOR** <br><br> **PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties agree as follows:

1. The purpose of this *Stipulation for Protective Order* is to ensure that the parties to this action honor and comply with a confidential settlement agreement with a third party, referred to as "Company X." This action involves a fee dispute between Plaintiff NEASHAM & KRAMER, LLP, a California limited liability partnership ("NKLLP") and Defendant STEPHEN NEFF, an individual ("Neff") which arises out of a lawsuit between Neff and "Company X" in which NKLLP represented

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA  89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 1

Neff. That lawsuit ended in a post-trial settlement, pursuant to which Neff and NKLLP agreed to refrain from further publicizing the trial. The parties therefore seek a Protective Order to allow them to confidentially exchange relevant documents and information with each other and with appropriate third-parties, such as experts, as well as file pertinent documents in this case without unintentionally breaching the terms of the settlement. The need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties, the allow the parties to file pleadings and attachments in this action under seal as minimally necessary to comply with the settlement.

2. To avoid further publicizing the trial between Neff and Company X, any party may designate as "confidential" (by stamping the relevant page, identifying the pages as confidential by Bates number, by identifying the electronic file as confidential, or otherwise set forth herein) any document or response to discovery which identifies Company X, identifies any of Company X's employees, or which that party considers in good faith to contain information could be construed as further publicizing the trial, subject to protection under the California Rules of Civil Procedure, California law, the Federal Rules of Civil Procedure or Federal Law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

3. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 2

4. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

5. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

b) employees of such counsel;

c) individual defendants, the plaintiff, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order as **Exhibit "1"** (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

e) any authors or recipients of the Confidential Information;

f) the Court, Court personnel, and court reporters; and

g) witnesses (other than persons described in paragraph 5(e) who have signed a Certification.) A witness shall sign the Certification before being shown a confidential document. If a witness refuses to sign the Certification, then that witness may only be shown the Confidential document during a deposition that has been noticed to, among others, the person or entity that has designated the document or file as confidential. Witnesses shown Confidential Information shall not be allowed to retain copies.

6. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 3

7. Unless otherwise permitted by statute, rule or prior court order, all Confidential Information that is filed with the court must be filed under seal or sufficiently redacted to maintain the confidentiality of the document and must be filed in accordance with the United States District Court, Eastern District of California Rules Governing Sealing and Redacting Court Records.

8. Any party may voluntarily disclose to others without restriction any information designated by that party as confidential, although a document may lose its confidential status if it is made public.

9. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have fifteen (15) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a) the party who claims that the material is Confidential Information withdraws such designation in writing; or

    b) the party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    c) the Court rules the material is not confidential.

11. All provisions of this order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after the conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such

////

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 4

documents within the time period upon consent of the party who provided the information and if requested, certify in writing within thirty (30) days that the documents have been destroyed.

12. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED this 11th day of February, 2021.　　　　DATED this 10th day of February, 2021.

GUNDERSON LAW FIRM　　　　　　　　　　　NEASHAM & KRAMER LLP


  */s/ Austin Sweet*　　　　　　　　　　　　　　  */s/ Patricia Kramer*
Austin K. Sweet, Esq.　　　　　　　　　　　　Patricia Kramer, Esq.
California State Bar No. 269761　　　　　　　California State Bar No. 155484
*Attorney for Stephen Neff*　　　　　　　　　Chad A. Vierra, Esq.
　　　　　　　　　　　　　　　　　　　　　California State Bar No. 255801
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Neasham & Kramer LLP*

## ORDER

The court has reviewed the parties' stipulated protective order, and finds it comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
  (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
  (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
  (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.
Local Rule 141.1(c).

GUNDERSON LAW FIRM
A PROFESSIONAL LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 5

1  can gain access to litigation documents and information produced during discovery unless the party
2  opposing disclosure shows 'good cause' why a protective order is necessary."). Therefore, the court
3  APPROVES the protective order subject to the following clarification.
4      This court's Local Rules indicate that once this action is closed, "unless otherwise ordered,
5  the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that
6  action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction for disputes
7  concerning protective orders after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals,
8  Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017). Based on this rationale, the court will not retain
9  jurisdiction in this case once the action is closed.
10 Dated: February 16, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14 neff.565

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 6

**Exhibit "1"**

**CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in NEASHAM & KRAMER, LLP v. STEPHEN NEFF and NORTHERN NEVADA CARE, INC., Case No. 2:19-CV-00565-MCE-KJN. I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the U.S. District Court for the Eastern District of California for the purpose of enforcing the Stipulated Protective Order dated _____.

DATED this _____ day of _____, 202__.

Name: _____

Signature: _____

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 7

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the law office of GUNDERSON LAW FIRM, and on the 11th day of February, 2021 I electronically filed the **STIPULATION FOR PROTECTIVE ORDER** and a copy will be electronically mailed by the United States District Court-Eastern District of California through CM/ECF to the following:

**Patricia Kramer, Esq.**   pkramer@neashamlaw.com, cvierra@neashamlaw.com, dcarrillo@neashamlaw.com, kbrand@neashamlaw.com

*/s/ Kelly Gunderson*
Kelly Gunderson

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89509
(775) 829-1222

STIPULATION FOR PROTECTIVE ORDER - PAGE 8