|     |                                                           |                               |
| --- | --------------------------------------------------------- | ----------------------------- |
|     | UNITED STATES DISTRICT COURT                              |                               |
|     | EASTERN DISTRICT OF CALIFORNIA                            |                               |

| NEASHAM & KRAMER, LLP, a California Limited Liability Partnership, | No. 2:19-cv-00565-MCE-KJN |
| --- | --- |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| STEPHEN NEFF, an individual; and NORTHERN NEVADA CARE, INC., a Corporation, | |
| Defendants. | |

Through this action, Plaintiff Neasham & Kramer, LLP ("Plaintiff") seeks to recover from Defendant Stephen Neff ("Defendant") fees Plaintiff contends it is owed for legal services. Defendant filed a Motion to Dismiss ("Motion") the entire complaint or, in the alternative, to dismiss the third cause of action, which Plaintiff timely opposed.[1] ECF Nos. 16, 18. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED with leave to amend in part and DENIED in part.[2]

---

[1] Plaintiff also filed a Request for Judicial Notice concerning the records in this action, as well as the records in the case entitled In re: Norther Nevada Care, Inc., United States Bankruptcy Court District of Nevada, Case No. 19-50743-btb. ECF No. 19. That unopposed request is hereby GRANTED. See Biggins v. Wells Fargo & Co., 266 F.R.D. 399, 408 (N.D. Cal. 2009).

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[3]

From 2015 to 2017, Plaintiff represented Defendant in an employment litigation action in state court. See generally Compl., ECF No. 1. Due to concerns of rising litigation costs, Plaintiff's limited resources, and Defendant's insistence on proceeding to trial, the parties modified their legal services agreement: Plaintiff would continue to represent Defendant in exchange for Defendant paying the higher of the hourly fees incurred or 40% of the net proceeds of any settlement or award. Id. ¶¶ 20-22. Defendant repeatedly promised Plaintiff that he would pay all his legal fees and costs, frequently expressing appreciation for Plaintiff's work. Id. ¶ 29. In November 2017, after a 16-day trial, the jury found in favor of Defendant and awarded him an amount exceeding the fees he had incurred. Id. ¶¶ 30, 33-34. The following month, Defendant asked Plaintiff to accept a partial payment of his fees, with the remaining balance to be paid off in 2018 after Defendant received his tax refund. Id. ¶ 35. Defendant nonetheless thereafter made only two payments, which were substantially lower than promised, and has since paid nothing more. Id. ¶¶ 35, 38, 40, 44. To date, Defendant owes a remaining balance of $334,707.13. Id. ¶ 48.

Plaintiff filed this lawsuit on March 31, 2019, alleging causes of action for breach of contract, conversion, and fraud arising from Defendant's failure to pay the remaining fees owed. Id. at 10-15. On May 28, 2019, Defendant filed his Request for Arbitration of a Fee Dispute with the State Bar of California ("State Bar"). ECF No. 5-1. On August 19, 2019, the State Bar rejected Defendant's Request because the Sacramento County Bar Association ("SCBA"), rather than the State Bar, had jurisdiction over the matter. ECF No. 12-2. Defendant purportedly thereafter filed a Client's Request to Arbitrate with the SCBA but failed to pay the filing fee at the time. ECF No. 12-3; Neff Decl., ECF No. 12-1, ¶ 10. Plaintiff, on the other hand, states it repeatedly contacted both the State Bar

---

[3] The background facts set forth here are reproduced nearly verbatim here from the Court's Order granting (ECF No. 14) Plaintiff's Motion to Lift Stay (ECF No. 10).

and the SBCA and was told that no application for arbitration was filed by Defendant. ECF No. 10, at 6.

On March 4, 2020, this Court ordered the parties to file a Joint Status Report ("JSR"). ECF No. 8. Defendant then paid the filing fee with SBCA on March 11, 2020. Id. The following day, the SBCA notified Defendant that a letter had been sent to Plaintiff informing it of the fee dispute and that its reply was due by April 24, 2020. ECF No. 12-5. Both the JSR and Plaintiff's Motion to Lift Stay were filed on March 13, 2020, with Plaintiff indicating it still had no notice of any fee arbitration. ECF Nos. 9, 10. On March 16, 2020, Plaintiff received the letter from the SBCA, ECF No. 13, at 3 n.1, and on May 5, 2020, this Court issued an order granting Plaintiff's Motion to Lift Stay. ECF No. 14. On May 15, 2020, Defendant filed the instant Motion to Dismiss, arguing that: (1) Plaintiff failed to comply with California's Mandatory Fee Arbitration Act ("MFAA"), California Business and Professions Code § 6200, et seq., which governs the resolution of fee disputes between attorneys and clients and allows a client to elect to participate in mandatory arbitration; and (2) Plaintiff failed to state a claim for fraud.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

3

recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .

carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

**A.     Defendant waived his MFAA right to arbitrate.**

As indicated, the MFAA governs the resolution of fee disputes between attorneys and clients and allows a client, under certain circumstances, "to elect mandatory arbitration to resolve a fee dispute." Meis and Waite v. Parr, 654 F. Supp. 867, 868 (N.D. Cal. Jan. 16, 1987) (citing Cal. Bus. & Prof. Code §§ 6200(c), 6201). Procedurally, "an attorney shall forward written notice to the client prior to or at the time of service of summons or claim in an action against the client . . . . [T]he client's failure to request arbitration within 30 days after receipt of notice form attorney shall be deemed a waiver of the client's right to arbitration." Cal. Bus. & Prof. Code § 6201(a). Upon the timely filing of a request for arbitration, the court proceeding shall be automatically stayed. Id. § (c). "The stay may be vacated in whole or in part . . . to the extent the court finds that the matter is not appropriate for arbitration . . . ." Id.

In light of the foregoing, Defendant claims that dismissal is warranted because Plaintiff failed to serve him with written notice as required by the MFAA. ECF No. 16, at 5. Because Plaintiff failed to provide such notice, Defendant avers, Defendant's request to submit this dispute to the SCBA mandatory arbitration program was timely, thus warranting dismissal. Id. Defendant's argument is rejected because even after

1 Defendant clearly had actual notice of his arbitration rights, he still waited months to try
2 to perfect them.[4]

3     This Court has already determined that Defendant failed to timely proceed with
4 arbitration once he initiated the process. ECF No. 14. First Defendant attempted to
5 invoke his rights in the incorrect forum. Then, after learning that he needed to proceed
6 before the SCBA, Defendant still waited two months to file his Request to Arbitrate. This
7 delay extends well beyond the 30 days required by the California statute. Id. at 4.
8 Finally, Defendant then waited another almost five months to pay the arbitration filing
9 fee, and presumptively only did so after receiving an order of this Court directing the
10 parties to file a JSR in furtherance of the instant litigation. Id. The Court thus concluded
11 that Defendant "fail[ed] to pay fees for the arbitration" and this "was done for the sole
12 purpose of delay." Id. That same conclusion applies here to establish that Defendant
13 waived his right to proceed with Arbitration in the first place. Defendant's motion to
14 dismiss on this ground is thus DENIED.

### B. Plaintiff failed to state a claim for fraud.

16     The elements of a cause of action for fraud are: "(a) misrepresentation (false
17 representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter');
18 (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting
19 damage." Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996). Unlike with other
20 causes of action, "a party must state with particularity the circumstances constituting
21 fraud." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who,
22 what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106. "The
23 plaintiff must set forth what is false or misleading about a statement, and why it is false."
24 Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1098 (E.D. Cal. 2009)
25 (citing Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)).

26     According to Plaintiff's Complaint, Defendant fraudulently promised to pay fees,

---

[4] Not only does Plaintiff aver that it provided Defendant notice of his right to arbitrate on multiple occasions, but the fact that Defendant actually pursued arbitration indicates he had actual notice as well.

6

which induced Defendant to provide legal services.  The problem with this argument, however, is that Plaintiff has not alleged the requisite scienter.  More specifically, Plaintiff has not alleged that the statements were false when Defendant made them.  Stated another way, Plaintiff has not alleged sufficient facts from which the Court can infer that Defendant had no intention of paying the fees at the time he promised to do so.  As a result, Plaintiff's third cause of action for fraud fails to state a claim upon which relief can be granted, and Defendant's Motion to Dismiss is GRANTED with leave to amend.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED in part and GRANTED in part.  Plaintiff shall file an amended complaint within twenty (20) days following the date this Order is electronically filed.  If no amended complaint is timely filed the cause of action dismissed by virtue of this Memorandum and Order shall be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  June 21, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE