UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEASHAM & KRAMER, LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN NEFF, an individual,<br><br>Defendant. | No. 2:19-cv-00565-MCE-KJN<br><br>**ORDER** |

Presently before the Court is Defendant Stephen Neff's ("Defendant") renewed Notice of Request to Seal the following documents in their entirety: (1) Defendant's Motion for Partial Summary Judgment ("Motion"), (2) Defendant's Declaration in Support of Defendant's Motion for Partial Summary Judgment ("Declaration"), and (3) Defendant's Statement of Undisputed Facts Concerning Defendant's Motion for Partial Summary Judgment ("Statement of Undisputed Facts").[1]  ECF No. 47.  Citing to a stipulated protective order issued by the assigned magistrate judge on February 16, 2021, Defendant again contends that the above documents contain "confidential" information relating to a confidential settlement agreement between the parties and a third party in a related action.  Id. at 2; see generally ECF No. 31.  Defendant submitted

---

[1] The Court previously denied without prejudice Defendant's first Request to Seal the same documents, which Defendant also sought to seal in their entirety. See ECF Nos. 38, 44.

1

for in camera consideration a renewed Request to Seal Documents, a proposed sealing order, and the documents sought to be sealed.

Plaintiff Neasham & Kramer LLP ("Plaintiff") has also submitted for in camera consideration an Opposition brief to Defendant's renewed Request to Seal, arguing that the redacted versions of Defendant's Motion, Declaration, and Statement of Undisputed Facts filed on the docket are different from the unredacted versions Defendant seeks to seal.[2] Specifically, Plaintiff asserts that the redacted Motion contains only 18 pages and does not attach any exhibits or evidence whereas the unredacted Motion is 123 pages and includes exhibits.[3] See ECF No. 40.  Furthermore, both the redacted and unredacted versions of Defendant's Statement of Undisputed Facts reference a deposition transcript but that transcript was neither provided with Defendant's Declaration nor attached to Defendant's unredacted Motion.[4] See ECF No. 41.

As this Court previously stated, "[the Ninth Circuit] acknowledged explicitly . . . that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).  "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co.,

---

[2] Plaintiff also filed Objections to Defendant's Motion for Partial Summary Judgment, which contain similar arguments to those made in the Opposition brief.  See ECF No. 45.

[3] Similarly, the redacted Declaration lists 19 exhibits but none of them are attached to any of the redacted filings.  See ECF No. 42.  However, all of the exhibits listed in both the redacted and unredacted Declarations appear to be included with the unredacted Motion only.

On December 2, 2021, Defendant filed a Notice of Errata, attaching 104 pages of redacted exhibits and asking that they now be made part of the public record, to which Plaintiff has filed a response.  ECF Nos. 48–49.  However, Defendant has not provided any explanation as to why he failed to submit the redacted exhibits with his Motion, Declaration, or Statement of Undisputed Facts when those documents were originally filed on November 8, 2021.  See E.D. Local Rule 142(a)(3) (requiring an affidavit submitted in support of any motion to, in part, "identify, authenticate, and attach documents and exhibits offered in support of or in opposition to the motion . . .").  Therefore, the late filing of the redacted exhibits does not alter the Court's decision.

[4] On December 3, 2021, Defendant submitted for in camera consideration the missing deposition transcript directly to the Court, but again Defendant has failed to explain why this was not filed with the original filings on November 8, 2021.

331 F.3d 1122, 1136 (9th Cir. 2003)).  The party seeking to seal documents attached to dispositive motions bears the burden of "articulat[ing] compelling reasons supported by specific factual findings." Kamakana, 447 F.3d at 1178 (citations omitted).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." Id. at 1179.

The Court once again finds that Defendant's renewed Notice and Request to Seal Documents are insufficient to establish that there is a compelling reason for sealing the aforementioned documents, specifically the exhibits and attachments in support of the Motion.  Defendant merely repeats statements made in the first Notice and Request to Seal—that these documents contain information that has been identified as confidential in the protective order—but "[s]uch wholesale sealing can rarely be justified, especially in connection with a dispositive motion." Dakota Med., Inc. v. Rehabcare Grp., Inc., No. 1:14-cv-02081-DAD-BAM, 2016 WL 6493896, at *2 (E.D. Cal. Nov. 2, 2016).  Additionally, Defendant lists 19 exhibits in his Declaration, as well as a deposition transcript in his Statement of Undisputed Facts, but fails to explain whether all of these exhibits include confidential information identified in the protective order let alone why all of them need to be sealed in their entirety.

To be very clear, this Court is not inclined to order the sealing of any documents in their entirety without first requiring redacted versions of those documents to be properly filed on the public docket as well.  Any portion of any document that does not contain confidential information shall be available for public dissemination.  Accordingly, Defendant's renewed Notice and Request to Seal Documents, ECF No. 47, are DENIED without prejudice.

IT IS SO ORDERED.

Dated:  December 13, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

3