UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEASHAM & KRAMER, LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN NEFF, an individual,<br><br>Defendant. | No. 2:19-cv-00565-MCE-KJN<br><br>**ORDER** |

On November 8, 2021, Defendant Stephen Neff ("Defendant") filed redacted versions of the following documents: (1) Defendant's Motion for Partial Summary Judgment ("Motion"), (2) Defendant's Declaration in Support of Defendant's Motion for Partial Summary Judgment ("Declaration"), and (3) Defendant's Statement of Undisputed Facts Concerning Defendant's Motion for Summary Judgment ("Statement of Undisputed Facts").[1] ECF Nos. 40–42. Subsequently, on December 2, 2021, Defendant filed a Notice of Errata, attaching 104 pages of redacted exhibits in support of its Motion. ECF No. 48. Presently before the Court is Defendant's third Notice of

---

[1] According to Defendant, "[o]nly information specifically relating to 'Company X,' the lawsuit between [Defendant] and 'Company X,' and the confidential settlement agreement was redacted; all other information pertaining to the present dispute between [Defendant] and [Plaintiff] is part of the public record." ECF No. 51, at 3 ¶¶ 6–8.

1

1 Request to Seal, which seeks an order to file unredacted versions of the aforementioned
2 documents in their entirety.² ECF No. 51.  Citing to a stipulated protective order issued
3 by the assigned magistrate judge on February 16, 2021, Defendant contends that the
4 above documents contain "confidential" information relating to a confidential settlement
5 agreement between the parties and a third party in a related action.³  Id. at 2 ¶ 2; see
6 generally ECF No. 31.  Defendant submitted for in camera consideration a third Request
7 to Seal Documents, a proposed sealing order, and the documents sought to be sealed.
8 Plaintiff Neasham & Kramer LLP ("Plaintiff") opposes Defendant's request.⁴  ECF No. 52.
9     As previously explained by the Court, "[the Ninth Circuit] acknowledged explicitly
10 . . . that the strong presumption of access to judicial records applies fully to dispositive
11 pleadings, including motions for summary judgment and related attachments."
12 Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal
13 citations omitted).  "Thus, 'compelling reasons' must be shown to seal judicial records
14 attached to a dispositive motion."  Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co.,
15 331 F.3d 1122, 1136 (9th Cir. 2003)).  The party seeking to seal documents attached to
16 dispositive motions bears the burden of "articulat[ing] compelling reasons supported by
17 specific factual findings."  Kamakana, 447 F.3d at 1178 (citations omitted).  "The
18 'compelling reasons' standard is invoked even if the dispositive motion, or its
19 attachments, were previously filed under seal or protective order."  Id. at 1179.
20     Once again, the Court does not find compelling reasons exist for sealing the
21 aforementioned documents in their entirety.  While the Court understands the need to

---

² The Court previously denied without prejudice Defendant's first and second Requests to Seal the same documents, which Defendant also sought to seal in their entirety.  See ECF Nos. 44, 50.

³ The stipulated protective order provides that, "[u]nless otherwise permitted by statute, rule or prior court order, all Confidential Information that is filed with the court must be filed under seal or sufficiently redacted to maintain the confidentiality of the document and must be filed in accordance with the United States District Court, Eastern District of California Rules Governing Sealing and Redacting Court Records."  ECF No. 31, at 4 ¶ 7 (emphasis added).

⁴ Plaintiff's opposition mostly focuses on the timeliness of Defendant's filing of exhibits in support of the Motion through the Notice of Errata.  See generally ECF No. 52.  The Court will address such objections when reviewing the Motion on the merits.

protect the identity of Company X, the details pertaining to the lawsuit between Defendant and Company X, and the terms of the confidential settlement agreement, Defendant still has not articulated why <u>all</u> the above documentation must be sealed in its <u>entirety</u> when redacting such information on the public versions is sufficient.  Defendant asserts that the information regarding Company X is "background information to the Court, but are not necessary for the public to understand and review the judicial process in the present case."  ECF No. 51, at 4–5 ¶ 11.  In light of this, it appears that redaction rather than wholesale sealing will accomplish the goal of keeping the confidential information private while preserving the interest in public access to judicial records and documents.

Accordingly, Defendant's request to seal, ECF No. 51, is GRANTED in part and DENIED in part.  The redacted versions of the Motion, Declaration, Statement of Undisputed Facts, and exhibits attached to the Notice of Errata shall remain on the Court's docket.

IT IS SO ORDERED.

Dated:  January 7, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE