UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEASHAM & KRAMER LLP, a California Limited Liability Partnership,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN NEFF, an individual,<br><br>Defendant. | No. 2:19-cv-00565-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Neasham & Kramer, LLP ("Plaintiff") seeks to recover from Defendant Stephen Neff ("Defendant") fees Plaintiff contends it is owed for legal services. Presently before the Court is Defendant's Motion to Dismiss the Third Cause of Action. ECF No. 34. This matter has been fully briefed. ECF Nos. 36, 37. For the reasons set forth below, that motion is DENIED.[1]

///
///
///
///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

# BACKGROUND[2]

Between 2015 and 2017, Plaintiff represented Defendant in an employment litigation action in state court against Defendant's employer ("Company X").[3] Due to concerns of rising litigation costs, Plaintiff's limited resources, and Defendant's insistence on proceeding to trial, the parties modified their legal services agreement: Plaintiff would continue to represent Defendant in exchange for Defendant paying the higher of the hourly fees incurred or 40% of the net proceeds of any settlement or award.

Defendant repeatedly promised Plaintiff that he would pay all his legal fees and costs, frequently expressing appreciation for Plaintiff's work. Before and during the trial, Defendant continually represented to Plaintiff that he would pay everything he owed to Plaintiff before "tak[ing] a dime." Additionally, Defendant specifically represented that his company Northern Nevada Care, Inc. ("NNCI") was profitable and would be even more profitable in the coming fiscal year, meaning Defendant would have the funds to pay Plaintiff regardless of the outcome in the state court proceedings. According to Plaintiff, however, Defendant knew his statements were false at the time he made them because he was involved in an out-of-state legal dispute with his franchisor when the statements were made and had been diverting funds from his personal and business finances to pay for legal expenses in that matter. Plaintiff alleges that it had no knowledge of this other litigation that could affect Defendant's ability to pay.

Defendant's case proceeded to trial, which occurred between September and November 2017, with the jury ultimately finding in favor of Defendant and awarding him

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's First Amended Complaint ("FAC"). ECF No. 33.

[3] Pursuant to a post-trial settlement in the underlying state court action, Plaintiff and Defendant "agreed to refrain from further publicizing the [state court] trial" between Defendant and Company X. See ECF No. 31 ¶ 1; FAC ¶ 7 n.1. As a result, a stipulated protective order was issued by the assigned magistrate judge in the present action on February 16, 2021, stating that "any party may designate as 'confidential' . . . any document or response to discovery which identifies Company X, identifies any of Company X's employees, or which that party considers in good faith to contain information [that] could be construed as further publicizing the trial . . ." ECF No. 31 ¶ 2.

an amount exceeding the fees he had incurred.  On December 14, 2017, Defendant asked Plaintiff if it would accept a payment of $293,431.75.  Because Defendant had not anticipated that his withholdings would be so high, the parties instead agreed that Defendant would pay $400,000, in 2017, with the remaining balance to be paid off in 2018 after Defendant received his tax refund.  According to Plaintiff, Defendant knew that his statement was false because he had direct knowledge of his finances and intended to withhold payment to Plaintiff in order to infuse his business with cash flow and pay for the other out-of-state litigation.  In any event, Defendant only paid $193,421.75 in 2017.  When Plaintiff asked Defendant if he transferred the funds recovered in the state court action to NNCI, Defendant admitted he had done so due to cash flow issues.  Plaintiff alleges that it was surprised to hear of Defendant's financial hardship given that Defendant previously represented that he was in good financial health.  Despite their agreement, Defendant thereafter only made one additional payment of $1,000 on March 26, 2018.  To date, Defendant owes a remaining balance of $334,707.13.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

3

his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .

carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Under California law, the elements of fraud are:  "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996).  Unlike with other causes of action, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1098 (E.D. Cal. 2009) (citing Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994)).

The Court granted Defendant's initial motion to dismiss on grounds that Plaintiff failed to demonstrate scienter on the part of Defendant, specifically that Defendant had no intention of paying the fees at the time he promised to do so.  See ECF No. 32, at 7. In the FAC, Plaintiff now alleges that, before and during the trial, Defendant "specifically represented that his company NNCI was profitable and would be even more profitable in the succeeding fiscal year (2018) and that he would have the funds to pay NKLLP regardless of outcome if NKLLP continued representing him," but "[t]hose statements

were false." FAC ¶¶ 72–74.  Specifically, Plaintiff contends that "[Defendant] knew his statements were false at the time he made them because he was involved in a legal dispute with his franchisor when the statements were made and had been diverting funds from his personal and business finances to pay for legal expenses in that unrelated matter." Id. ¶ 75.  Finally, the FAC alleges that on December 14, 2017, when he promised to pay $400,000 in 2017 and the remaining balance in 2018, Defendant "knew that this statement was false because he had direct knowledge of his finances and intended to withhold payment to [Plaintiff] in order to infuse his business with cash flow and pay for other pending litigation out of state." Id. ¶¶ 78–79.

While Defendant claims that the FAC still fails to allege the requisite scienter, in the Court's view the averments are now sufficient to survive Defendant's present Motion to Dismiss.  Construing the allegations in Plaintiff's favor, Defendant promised to pay Plaintiff for legal fees but knew such statements were false at the time he made them because Defendant was transferring what money he had, including the amounts recovered from the jury verdict which exceeded Defendant's legal fees, to NNCI and to fund his other lawsuit.  At this stage of the litigation, such allegations of scienter are sufficient.  See Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Defendant also argues that Plaintiff "has not alleged, with specificity, that it suffered any damages proximately caused" by Plaintiff's reliance upon Defendant's "statement by agreeing to accept $400,000 in 2017 and the balance in 2018." Def.'s Mot. Dismiss, ECF No. 34, at 7 ("The [FAC] plainly alleges that the full amount of [Plaintiff's] legal bill had been incurred before the alleged representations concerning payment, and [Plaintiff] has not claimed that it suffered any additional or separate damages by agreeing to wait until 2018 to be paid.") (emphases in original).  However, throughout the FAC, Plaintiff alleges that it suffered damages due to Defendant's nonpayment of legal fees for services rendered.  There is no need to allege additional damages when Plaintiff agreed to a different payment schedule for the same fees

already owed.  Therefore, Defendant's Motion to Dismiss Plaintiff's Third Cause of Action is DENIED.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Third Cause of Action, ECF No. 34, is DENIED.[5]

IT IS SO ORDERED.

Dated:  March 18, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] The Court will issue an order on Defendant's Motion for Partial Summary Judgment, ECF No. 40, in due course.

7