1  William C. Neasham, CSB #72078
2  Patricia Kramer, CSB #155484
   Chad A. Vierra, CSB #255801
3  NEASHAM & KRAMER LLP
   340 Palladio Parkway, Suite 535
4  Folsom, CA 95630
   Tel.: (916) 853-8030; Fax: (916) 853-8039
5  pkramer@neashamlaw.com
6  *Attorneys for Plaintiff/Cross-Defendant*
   *Neasham & Kramer LLP*
7
   GUNDERSON LAW FIRM
8  Austin K. Sweet, SBN 269761
9  3895 Warren Way
   Reno, Nevada 89509
10 Tel.: (775) 829-1222; Fax: (775) 829-1226
   asweet@gundersonlaw.com
11 *Attorneys for Defendant/Cross-Complainant*
   *Stephen Neff*
12

13                    **UNITED STATES DISTRICT COURT**

14                    **EASTERN DISTRICT OF CALIFORNIA**

15 | NEASHAM & KRAMER, LLP, a California | Case No. 2:19-CV-00565-MCE-KJN
16 | Limited Liability Partnership, |

17 |        Plaintiff, | **SETTLEMENT AGREEMENT AND MUTUAL RELEASE TO RESOLVE PENDING ACTION; STIPULATION AND ORDER FOR DISMISSAL OF ACTION**
18 | vs. |
19 | STEPHEN NEFF, an individual, |
20 |
21 |        Defendant.                              /

22 | STEPHEN NEFF, an individual,
23 |
24 |        Counterclaimant,
25 | vs.
26 | NEASHAM & KRAMER, LLP, a California
27 | Limited Liability Partnership,
28 |        Cross-Defendant.                        /

1
SETTLEMENT AGREEMENT AND MUTUAL RELEASE TO RESOLVE PENDING ACTION

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is made by and between NEASHAM & KRAMER LLP, a California Limited Liability Partnership (NKLLP), Plaintiff and Cross-Defendant on the one hand, and STEPHEN NEFF, an individual (NEFF), Defendant and Counterclaimant on the other hand, who each agree and stipulate as follows to resolve and settle the above captioned action on the terms and conditions set forth herein.

**RECITALS**

A.  From March 2015 and December 2017, Plaintiff Neasham & Kramer LLP represented Neff in a legal dispute against his former employer. The case was tried to verdict in El Dorado County Superior Court. The jury found in favor of Neff on two causes of action and in favor of his former employer on nine causes of action.

B.  The jury awarded $787,360.75 to Mr. Neff. The Defendant also paid $35,000.00 in costs post-verdict for a total of $822,360.75.

C.  Through the course of that representation, Neasham & Kramer LLP billed Neff a total of $743,482.96, of which Neff paid a total of $426,093.58. Neff has not paid the remainder of Neasham & Kramer LLP's bills.

D.  On March 31, 2019, Plaintiff Neasham & Kramer LLP sued Stephen Neff, a former client, for (1) Breach of Contract; (2) Conversion; and (3) Fraud. (Doc 1).

E.  Defendant Northern Nevada Care, Inc. was dismissed on July 22, 2020. (Doc 21).

F.  On November 16, 2020, Defendant Stephen Neff filed an Answer and Cross-complaint seeking (1) Declaratory Relief and alleging claims for (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, (3) Unjust Enrichment and (4) Breach of Fiduciary Duty. (Doc 28).

**SETTLEMENT TERMS**

NOW, THEREFORE, in consideration of the promises herein, it is hereby agreed by and between the Parties as follows:

**1. Settlement and Release.** The parties hereto agree and enter into this Agreement pursuant to California Code of Civil Procedure section 664.6 to finally resolve any and all disputes between the Parties in this action and agree to mutually release each other of all claims that might be made by any Party against the other arising out of the events alleged in the Complaint and Cross-Complaint.

     **a.**     **Judgment.** Defendant agrees to pay Neasham & Kramer LLP (as set forth in detail below) the amount of $90,000.00 ("Settlement Amount").

     **b.**     **Payment.** Defendant agrees to pay Neasham & Kramer LLP the Settlement Amount pursuant to the following payment schedule:

     1.     An initial lump sum payment of $30,000.00 shall be paid on/or before 10 calendar days after full execution of this agreement.

     2.     The remaining $60,000.00 shall be paid at a rate of $5,000.00, every six months, commencing on December 1, 2023, until paid in full.

     3.     After the initial $30,000.00 payment, Neasham & Kramer LLP will accept 50% of the remaining outstanding balance due if that amount is paid in a lump sum; otherwise, the payment schedule will remain in effect until the full amount is paid.  By way of example, Neff may fully satisfy the Settlement Amount upon any of the following payment schedules:

| | | | | | Payment Date | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Option | 10 days | 12/1/23 | 6/1/24 | 12/1/24 | 6/1/25 | 12/1/25 | 6/1/26 | 12/1/26 | 6/1/27 | 12/1/27 | 6/1/28 | 12/1/28 |
| 1 | $30,000 | $30,000 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 2 | $30,000 | $5,000 | $27,500 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 3 | $30,000 | $5,000 | $5,000 | $25,000 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 4 | $30,000 | $5,000 | $5,000 | $5,000 | $22,500 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 5 | $30,000 | $5,000 | $5,000 | $5,000 | $5,000 | $20,000 | $0 | $0 | $0 | $0 | $0 | $0 |
| 6 | $30,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $17,500 | $0 | $0 | $0 | $0 | $0 |
| 7 | $30,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $15,000 | $0 | $0 | $0 | $0 |
| 8 | $30,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $12,500 | $0 | $0 | $0 |
| 9 | $30,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $10,000 | $0 | $0 |
| 10 | $30,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $7,500 | $0 |
| 11 | $30,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 |

///

///

///

    4.  This settlement is personal to the parties to this action. Neff may not assign his obligation to pay the Settlement Amount and Neasham & Kramer LLP may not assign its right to receive the Settlement Amount.

    5.  Defendant shall make payment by wire transfer to an account designated by Plaintiff.

  **c.**  **Default on Payments; Default Judgment Amount.** Defendant agrees that should he fail to make any payment herein when due and during any cure period, barring a written extension of a payment due date by Plaintiff, he will be in default of this Agreement. Upon default on payment as provided in this paragraph and following the expiration of the 10-day cure period after written notice of default, Plaintiff may, pursuant to this Agreement, seek entry of Judgment in this action. Written notice of default shall be sent to Stephen Neff directly at 2350 Estates Drive, Fairfield, CA, 94533. Mr. Neff shall notify NKLLP in the event his notice address changes prior to full payment under this agreement.

  **d.**  **Dismissal.** The parties stipulate to dismiss this action upon execution of this Agreement, provided that the Court shall retain jurisdiction pursuant to California Code of Civil Procedure section 664.6 in the event that there is a breach and failure to cure.

  **e.**  **Waiver of 5-Year Statute.** By entering into this Agreement and vacating the Trial Date of August 22, 2023, the parties agree to waive the 5-year mandatory dismissal statute in the event that the parties must return to court to adjudicate the claim or enforce on the terms of this Agreement.

  **f.**  **No Admission of Liability.** Execution of this Agreement by the parties is a result of compromise and settlement negotiations in connection with the foregoing proceeding.

  **g.**  **Negotiation and Agreement.** This Agreement is the product of negotiation and preparation by and between each Party and its respective attorney. Therefore, the Parties acknowledge and agree that this Agreement shall not be deemed prepared or drafted by one party or another and should be construed accordingly.

  **h.**  **Non disparagement Clause.** The parties hereto agree that neither party shall make any disparaging comments regarding the other party to this agreement. In the event that either

party has published or posted any negative review or statement about the other party, those publications and/or internet posts shall be removed, and should they be unable to remove any posting online, they will post a subsequent correction that states in essence that the parties have amicably resolved any disputes between themselves.

  **i.**  **General Release.** The Parties acknowledge and agree that execution of this Agreement will forever bar every claim, demand, cause of action, charge and grievance each party may have had against any other Party hereto existing at any time prior to and through the date of execution of this Agreement.  Because this is the Parties' intention, the Parties, and each of them, expressly waives any and all rights and benefits conferred upon Plaintiff by the provisions of Section 1542 of the California *Civil Code*.  Section 1542 provides:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

  **j.**  **Counterpart Execution.** This Agreement may be executed in as many counterparts as may be deemed necessary or convenient by the different Parties hereto on separate counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute one agreement. Facsimile or electronically scanned signatures to this Agreement shall be accepted by the Parties the same as original wet signatures. Photographic or digital copies of such signed counterparts may be used in lieu of the originals for any purpose.

  **k.**  **Duty to Cooperate.**  The Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the basic terms and intent of this Agreement and which are not inconsistent with its terms.

  **l.**  **Severability.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby, and said illegal, unenforceable or invalid party, term or provision shall be deemed not to be part of this Agreement.

   **m.**  **Consultation with Counsel.** The Parties of their representatives and each of them represent and agree that they have had the opportunity to discuss all aspects of this Agreement with a representative or attorney of their choice and that they or their respective attorney have read and reviewed this Agreement and understand the meaning of this Agreement, and freely and voluntarily enter into this Agreement.

   **n.**  **Attorney Fees.** The Parties hereto acknowledge and agree that each of them is to bear his/her/its own costs, expenses and attorney fees arising out of or in connection with the negotiation, drafting and execution of this Agreement, and all matters arising out of or connected therewith except that, in the event of default as to the terms of this Agreement and thereafter, any action that is necessary for the entry of Judgment in this action, enforcement of the judgment or any proceedings to determine non-dischargeability of the debt, the prevailing Party shall be entitled to reasonable attorney fees and costs in connection therewith.

   **o.**  **Entire Agreement.** This Agreement constitutes and contains the entire agreement and understanding between the parties and supersedes and replaces all prior negotiations and agreements proposed or otherwise, whether written or oral, concerning the subject matter of this Agreement.  This is an integrated document.

**EXECUTION**

**NEASHAM & KRAMER LLP**

  I, the undersigned, on behalf of Neasham & Kramer LLP, by which I am authorized to sign this agreement, to agree and stipulate to the terms and conditions contained herein and declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: June 14, 2023.         NEASHAM & KRAMER LLP

                 By___*/s/ Patricia Kramer*_____
                   PATRICIA KRAMER

///

///

**STEPHEN NEFF**

I, the undersigned, on behalf of myself, agree and stipulate to the terms and conditions contained herein and declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: June ____, 2023.

                                                    _____
                                                    STEPHEN NEFF

APPROVED AS TO FORM AND CONTENT:

Dated:   June 14, 2023.

GUNDERSON LAW FIRM

By   */s/ Austin Sweet*_____
    AUSTIN SWEET

## ORDER

The court approves the parties' stipulation; however, the court in its discretion declines to maintain jurisdiction to enforce the terms of the parties' settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993). Unless there is some independent basis for federal jurisdiction, enforcement of the agreement is for state courts. *Kokkonen*, 511 U.S. at 382.

**SO ORDERED.**

DATED:  June 22, 2023.

                                        _____
                                        CHIEF UNITED STATES DISTRICT JUDGE